165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Daniel KNUTOWSKI, Defendant-Appellant.
 No. 982954.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 15, 1998.*
Decided Dec. 29, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 98-CR-18-S-01. John C. Shabaz, Chief Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. FRANK H. EASTERBROOK, Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Daniel Knutowski pleaded guilty to a two-count information charging him with conspiring to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and with filing a false income tax return in violation of 26 U.S.C. § 7206(1). The district court subsequently sentenced him to 125 months' imprisonment. Knutowski appeals his sentence, arguing that the district court improperly applied a two-level weapon enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). We affirm.
 
 
 2
 Between July of 1993 and June of 1996, Knutowski provided cocaine to Stephen Pszeniczka, among others. Pszeniczka retrieved the cocaine from Knutowski at various locations, including Knutowski's home. On December 18, 1995, the Milwaukee Police Department conducted a warranted search of Knutowski's home and found an empty film cannister containing a white powder suspected of being cocaine, three switchblades, a loaded .357 magnum, a .44 magnum, and a digital scale. All of these items were discovered in Knutowski's bedroom.
 
 
 3
 Knutowski pleaded guilty to the two-count information pursuant to a plea agreement that permitted him to appeal his sentence. At sentencing, Knutowski argued that the two-level weapon enhancement did not apply because (a) the residue-filled cannister had no relation or proximity to the guns; (b) the government never conclusively established that the substance recovered from the film cannister was cocaine; and (c) the government's warrant was executed for gambling-related violations, not drug-related violations. The district court rejected these contentions and applied the enhancement. Knutowski appeals this determination, raising the same arguments that he presented to the district court at sentencing. This court reviews under the clearly erroneous standard the district court's enhancement for possession of a dangerous weapon. United States v. Adams, 125 F.3d 586, 596 (7 th Cir.1997).
 
 
 4
 Knutowski first maintains that the enhancement does not apply because the guns and the cannister were not found together, thus indicating a lack of connection between these items. This argument lacks merit. Section 2D1.1(b)(1) of the Sentencing Guidelines, governing offenses involving drugs, provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase [the offense level] by 2 levels." Commentary to this provision states that the "adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected to the offense;" for instance, if an unloaded hunting rifle is found in a drug suspect's closet. U.S.S.G. § 2D1.1, Commentary n. 3. While the initial burden rests with the government to prove that the defendant possessed[1] a weapon in a place where illegal drugs were located, the burden of persuasion rests with the defendant to prove that it was "clearly improbable" for the weapon to be connected with the drug trafficking offense. United States v. Tyler, 125 F.3d 1119, 1122 (7 th Cir.1997).
 
 
 5
 In this case, the government showed that the guns were possessed in a place where illegal drugs were located, but Knutowski failed to rebut this evidence by demonstrating the clear improbability of the guns' connection with the underlying drug offense. As explained by the government at sentencing, the two guns (as well as the three switchblades) were found in very close proximity to the cannister containing cocaine: the cannister was found in Knutowski's bedroom dresser, while the guns were found in two nightside tables located on each side of Knutowski's bed. The district court was entitled to rely on these facts to infer that the weapons were used in connection with the charged offense. See Adams, 125 F.3d at 597 ("guns found in close proximity to illegal drugs are presumptively considered to have been used in connection with the drug trafficking enterprise"); United States v. Pippen, 115 F.3d 422, 426 (7 th Cir.1997) (the defendant's possession of a gun at the home where drug business was transacted permitted district court to infer that the gun was connected to the drug offense). Knutowski's argument that he acquired the guns for self-protection reasons, and not for drug-related reasons, does not refute this presumption.
 
 
 6
 Nor does it matter that the government did not present any evidence demonstrating that Knutowski had a dangerous weapon with him during his drug sales. In drug conspiracy cases, the government is not required to show that Knutowski had a dangerous weapon present during the commission of a specific drug transaction. See Adams, 125 F.3d at 596-97. Rather, for the enhancement to apply, the government need show only that Knutowski possessed a dangerous weapon during the course of the drug conspiracy. United States v. Wetwattana, 94 F.3d 280, 283 (7 th Cir.1996). Here, the record conclusively demonstrates that Knutowski conspired to distribute cocaine between July of 1993 and June of 1996 and that the handguns were seized from him in December of 1995. Thus, Knutowski clearly possessed the handguns during the course of his drug conspiracy.
 
 
 7
 Second, Knutowski contends that the district court erred in imposing the weapon enhancement in the absence of government evidence proving that the residue found in the cannister was, in fact, cocaine. This argument is meritless. The government explained at sentencing that although initial field tests on the cannister residue proved inconclusive, Detective Leifert's police report indicated that tests conducted on the cannister residue at the Wisconsin Crime Lab found it to be cocaine. While the police report is hearsay (the government did not have the actual crime lab report), it is well-established that the Federal Rules of Evidence are inapplicable at sentencing hearings and that "a sentencing judge is free to consider a wide range of information, including hearsay evidence, regardless of its admissibility at trial." United States v. Francis, 39 F.3d 803, 809 (7 th Cir.1994). Knutowski does not argue, much less demonstrate, that the hearsay evidence relied upon by the sentencing court was inaccurate. See United States v. Barnes, 117 F.3d 328, 337 (7 th Cir.1997). Thus, it cannot be said that the district court abused its discretion in concluding, based on hearsay evidence, that the cannister contained cocaine. Id.
 
 
 8
 Third, Knutowksi maintains that the sentence enhancement is inapplicable because the police found the guns and cocaine pursuant to a gambling search warrant, not a drug search warrant. This argument also lacks merit. Absent any impropriety connected with the execution of the search warrant, the nature of the search warrant permitting entry into Knutowski's home has no effect on the applicability of the sentence enhancement. See Horton v. California, 496 U.S. 128, 136-37 (1990). Knutowski does not allege that the warrant was improperly executed and thus has no grounds upon which to challenge the applicability of sentencing enhancement.
 
 
 9
 Finally, Knutowski asserts that the district court failed to make specific findings regarding its conclusions that he possessed dangerous weapons and that the weapons were connected with the offense of conviction. The sentencing transcript undermines this contention. Not only did the district court expressly find that Knutowski had guns in his home for self-protection purposes; that the guns were found in the same room as the cocaine; and that the guns were present during the course of the conspiracy, but it also noted that Knutowski's reason for possessing the guns comported with Congress' reason for enacting the weapon enhancement. Moreover, the court specifically stated that "[n]o one could make the determination that it was clearly improbable that the weapon was connected with the offense." These findings are more than sufficient to satisfy Federal Rule of Criminal Procedure 32(c)(1)'s requirement that sentencing courts make explicit findings. Indeed, as this court noted in United States v. McKinney, 98 F.3d 974, 982 (7 th Cir.1996), "there are no 'magic words' a court must use; so long as it actually resolves the disputed issues on the record, a sentencing court fulfills the purpose of Rule 32." (citations and internal quotations omitted).
 
 
 10
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 This case was scheduled for argument on December 15, 1998, but the appellant filed a motion to waive oral argument, which we granted
 
 
 [1]
 Possession can be actual or constructive. United States v. Covarrubias, 65 F.3d 1362, 1371 (7 th Cir.1995). Constructive possession occurs when the defendant exercises control over the object